UNITED STATES DISTRICT COURT
FOR THE
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BARRY GREEN, ) | |
| ) | |
| Plaintiff, ) | **Case No.:** |
| ) | |
| v. ) | **COMPLAINT AND DEMAND FOR** |
| ) | **JURY TRIAL** |
| COLLECTION MANAGEMENT ) | |
| COMPANY d/b/a CMC - CREDIT ) | **(Unlawful Debt Collection Practices)** |
| MANAGEMENT COMPANY, ) | |
| ) | |
| Defendant ) | |

# COMPLAINT

BARRY GREEN ("Plaintiff"), by and through his attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against COLLECTION MANAGEMENT COMPANY d/b/a CMC - CREDIT MANAGEMENT COMPANY ("Defendant"):

## INTRODUCTION

**1.** Plaintiff's Complaint is based on Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA") and the Telephone Consumer Protection Act 47 U.S.C . § 227, *et. seq.* ("TCPA").

## JURISDICTION AND VENUE

2.   Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3.   Defendant regularly conducts business in the Commonwealth of Pennsylvania and therefore personal jurisdiction is established.

4.   Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

5.   Plaintiff is a natural person residing in New Castle, Pennsylvania 16101.

6.   Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

7.   Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

8.   Defendant is corporation specializing in debt collection with its principal place of business located at 2121 Noblestown Road, Pittsburgh, Pennsylvania 15205.

9. Defendant is a "person" as that term is defined by 47 U.S.C. § 153(39).

10. At all times material hereto, Defendant acted as a "debt collector[s]" within the meaning of 15 U.S.C. § 1692(a)(6), and attempted to collect a "debt" as defined by 15 U.S.C. § 1692(a)(5).

11. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and

## FACTUAL ALLEGATIONS

12. At all times material hereto, Defendant contacted Plaintiff in an attempt to collect an alleged consumer debt.

13. Plaintiff has never incurred any debts in connection with a business or commercial activity and, therefore, the alleged debt, if truly an obligation owed by Plaintiff, could have arisen only from a financial obligation for primarily personal, family, or household purposes.

14. Further, Plaintiff has a cellular telephone number where he incurs a charge for incoming calls.

15. Beginning in or around March 2015, and continuing through April 2015, Defendant's collectors placed repeated automated and/or prerecorded

telephone calls to Plaintiff's cellular telephone number in its attempts to collect the alleged debt.

16. Plaintiff knew it was Defendant calling because he received numerous automated calls, wherein Defendant identified itself as "Credit Management Company" and its telephone number appeared on Plaintiff's Caller I.D.

17. Additionally, on one occasion, Plaintiff was able to speak to a live collector in which he informed Defendant that he could not pay at that time and requested future communication to his cell phone to cease.

18. Defendant ignored Plaintiff's request and placed multiple automated calls several times thereafter.

19. Further, upon answering Defendant's "robo calls", Plaintiff would be met with the prerecorded message stating, "If this is Barry Green, press 1."

20. Attempting again to revoke consent and avoid future calls, Plaintiff followed the message's instructions, whereby he pressed 1, was put on hold, and then hung up on.

21. Defendant's telephone calls were not made for "emergency purposes."

22. Plaintiff, although abiding by Defendant's prerecorded instructions on several occasions, was unable to get in contact with a live collector.

PLAINTIFF'S COMPLAINT

23. Upon information and belief, Defendant's call patterns and methodology are meant to harass Plaintiff, as Defendant continues to be unavailable upon its calls being answered.

24. Finally, within five (5) days of placing its initial communication to Plaintiff, Defendant failed to send written verification of the debt, as well as providing him with the amount of the debt and the name of the original creditor.

25. Defendant's actions, as described herein, were taken with the intent to annoy and harass Plaintiff.

## COUNT I
## DEFENDANT VIOLATED §§ 1692d AND 1692d(5) OF THE FDCPA

26. A debt collector violates section 1692d of the FDCPA by engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

27. A debt collector violates section 1692d(5) of the FDCPA by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

28. Defendant violated sections 1692d and 1692d(5) of the FDCPA when it placed repeated telephone calls to Plaintiff's cellular telephone number with the intent to annoy, abuse, or harass Plaintiff.

## COUNT II
## **DEFENDANT VIOLATED § 1692f OF THE FDCPA**

29. A debt collector violates section 1692f of the FDCPA by using unfair or unconscionable means to collect or attempt to collect any debt.

30. Defendant violated section 1692f of the FDCPA when failed to update its records and restrict calls to Plaintiff's cellular telephone.

## COUNT III
## **DEFENDANT VIOLATED § 1692g(a) OF THE FDCPA**

31. A debt collector violates § 1692g(a) if within five days after the initial communication with a consumer, the debt collector fails to send the consumer a written notice containing (1) the amount of the debt; (2) the name of the creditor to whom the debt is owed; (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and (5) a statement that, upon the consumer's written request within the thirty-day

period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

32.  Defendant violated section 1692g(a) of the FDCPA when it failed to send written notification, within five (5) days after its initial communication with Plaintiff, advising him of his rights to dispute the debt or request verification of the debt, as well as the name of the original creditor and the amount of the debt.

## COUNT IV
## DEFENDANT VIOLATED THE
## TELEPHONE CONSUMER PROTECTION ACT

33.  Under § 227(b)(3)(A) of the TCPA, a person or entity may bring a private cause of action in an appropriate court based on a violation of the TCPA or the regulations prescribed under the TCPA to enjoin such violation.

34.  Under § 227(b)(3)(B) of the TCPA, a person or entity may bring a private cause of action in an appropriate court "to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation whichever is greater."

35.  Despite the fact that Plaintiff never consented to Defendant placing automated calls to him Defendant repeatedly placed non-emergency calls to Plaintiff's cellular telephone.

36. Based upon the conduct of Defendant, Plaintiff avers that the enhancement of damages provided for by the TCPA allowing for Plaintiff to recover up to $1,500 per call/violation be applied to calls placed.

37. Defendant's conduct violated § 227(b)(1)(A)(iii) of the TCPA by placing repeated calls using an automatic telephone dialing system to Plaintiff's cellular telephone without prior express consent.

WHEREFORE, Plaintiff, BARRY GREEN, respectfully prays for judgment as follows:

    a. All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

    b. Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

    c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs, pursuant to 15 U.S.C. § 1693k(a)(3);

    d. Statutory damages of $500.00 per telephone call in violation of the TCPA pursuant to 47 U.S.C § 227(c)(5)(B);

    e. Statutory damages of up to $1,500 for each call in violated of the TCPA, pursuant to 47 U.S.C §§ 227(c)(5)(B) and 227(c)(5)(C), which permits the Court in its discretion to award

such damages if it finds that Defendant willfully or knowingly violated the TCPA; and

f.  Any other relief deemed fair and proper by this Honorable Court.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, BARRY GREEN, demands a jury trial in this case.

Respectfully submitted,

Dated: September 11, 2015    By: */s/ Craig Thor Kimmel*
CRAIG THOR KIMMEL
PA. No. 57100
Kimmel & Silverman, P.C.
30 E. Butler Pike
Ambler, PA 19002
Phone: (215) 540-8888
Fax: (877) 788-2864
Email: kimmel@creditlaw.com